CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

January 24, 2018

William J. Nicoll, Esq.
Jenkins Block and Associates PC
1040 Park Ave., Ste. 100
Baltimore, MD 21201

Jay C. Hinsley, Esq.
Social Security Administration
6401 Security Blvd., Rm. 617
Baltimore, MD 21235

      Subject:    Michele B. Henry v. Nancy A. Berryhill, Acting Commissioner of Social Security
                      Civil No.: BPG-17-57

Dear Counsel:

Pending before this court, by the parties' consent (ECF Nos. 3, 7), are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 16) and Defendant's Motion for Summary Judgment ("Defendant's Motion") (ECF No. 17). The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by statute, 20 C.F.R. § 416.927(d)(2). I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. For the reasons noted below, Plaintiff's Motion (ECF No. 16) and Defendant's Motion (ECF No. 17) are denied, the Commissioner's decision is reversed, and the case is remanded to the Commissioner for further consideration in accordance with this opinion.

## I.    Background

On June 18, 2014, plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on April 14, 2014. (R. at 178–181). Her claim was initially denied on October 9, 2014 (R. at 114–17), and on reconsideration on January 25, 2015 (R. at 119–20). After a hearing held on June 9, 2016, an Administrative Law Judge ("ALJ") issued a decision on July 26, 2016 denying benefits based on a determination that plaintiff was not disabled. (R. at 22–35). The Appeals Council denied plaintiff's request for review on December 13, 2016, making the ALJ's opinion the final and reviewable decision of the Commissioner. (R. at 1–5). Plaintiff challenges the Commissioner's decision on the grounds that: (1) the ALJ failed to give plaintiff's treating physician controlling weight and (2) the ALJ failed to include limitations in plaintiff's Residual Functional Capacity ("RFC") that accounted for her limitations in concentration, persistence, or pace.

## II.    Discussion

First, plaintiff argues that the ALJ failed to give plaintiff's treating physician's opinion controlling weight. (ECF No. 16 at 9–10). The ALJ must generally give more weight to a

treating physician's opinion. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Where a treating physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, however, the ALJ should afford it significantly less weight. Id.; Craig, 76 F.3d at 590. If the ALJ does not give a treating source's opinion controlling weight, the ALJ must assign weight after considering several factors, including the length and nature of the treatment relationship, the degree to which the physician's opinion is supported by the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)–(6), 416.927(c)(1)–(6). The ALJ need not mechanically discuss every factor when choosing to afford a treating physician's opinion less weight, as long as the ALJ articulates the reasoning behind the decision. See Baxter v. Astrue, 2012 WL 32567, at *6 (D. Md. Jan. 4, 2012). Moreover, the ALJ is never required to give controlling weight to a treating physician's opinion on the ultimate issue of disability. 20 C.F.R. §§ 404.1527(e); 416.927(e).

Here, plaintiff's treating psychiatrist, Dr. Lawrence Adler, treated plaintiff a few times in 2014, throughout 2015, and during part of 2016. (R. at 30–33). Over the course of his treatment, Dr. Adler opined that plaintiff had major depressive disorder, severe post-traumatic stress disorder, high levels of anxiety, and experienced panic attacks, among other things. (R. at 31–33, 619–34, 702–04, 801–28). The ALJ afforded Dr. Adler's opinion only some weight because of the lack of specificity, lack of detailed explanation, and "lack of documented findings" in Dr. Adler's records to support his diagnosis and degree of limitation. (R. at 31–33). The ALJ also afforded Dr. Adler's opinion only some weight because it was inconsistent with claimant's reported activities, with particular emphasis on plaintiff's ability to homeschool her children with disabilities. Id. In affording Dr. Adler's opinion only some weight, however, the ALJ failed to consider and discuss the necessary factors, or provide sufficient reasoning otherwise, which an ALJ must do when choosing to afford a treating physician's opinion less weight.

The only justification the ALJ provides for affording Dr. Adler's opinion only some weight is that plaintiff homeschools her children. (R. at 31, 33). Not only is such a justification not an accurate statement based on plaintiff's testimony, but it is also the only point the ALJ continually relies upon. Id. As a result, the ALJ's analysis does not articulate substantial evidence to support the ALJ's decision. The ALJ cites no other activities of daily living that contradict Dr. Adler's opinion. Further, the ALJ did not explain how Dr. Adler's opinion was not supported by clinical evidence or point to any examining medical opinions that were inconsistent with Dr. Adler's findings.[1] Considering the length, nature, and extent of the treatment relationship Dr. Adler had with the plaintiff, the ALJ should have explained in greater

---

[1] To the contrary, another medical professional, plaintiff's therapist Carolyn Morris, examined plaintiff and provided opinions consistent with Dr. Adler's findings. (R. at 33, 601–18). Though Ms. Morris, a therapist and licensed clinical social worker, does not fall within the Commissioner's list of acceptable medical sources, the opinion of non-acceptable medical sources "are to be considered as 'valuable sources of evidence for assessing impairment severity and functioning.'" Foster v. Astrue, 826 F. Supp. 2d 884, 886 (E.D. N.C. 2011) (quoting SSR 06-03p, 2006 WL 2263437 (9 Aug. 2006)). In certain cases, "an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an acceptable medical source, including the medical opinion of a treating source." SSR 06-03p, 2006 WL 2263437 (9 Aug. 2006). The ALJ gave Ms. Morris' opinion only some weight because the assessments were not detailed and the findings were inconsistent with the plaintiff's homeschooling of her son. (R. at 33).

detail what supported her decision to afford only some weight to Dr. Adler's opinion. Accordingly, the court concludes that remand is warranted so that the Commissioner may fully explain its decision not to assign Dr. Adler's opinion controlling weight.

Second, plaintiff argues that the ALJ failed to include limitations in plaintiff's RFC that accounted for plaintiff's limitations in concentration, persistence, or pace in compliance with the Fourth Circuit's decision in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). (ECF No. 17 at 15–16). The Fourth Circuit remanded Mascio because the ALJ's RFC assessment—and the hypothetical upon which it was based—only limited the claimant to unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in concentration, persistence, or pace. Id. at 637–38. The Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, observing that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Id. at 638. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. Id.

Here, the ALJ's RFC assessment did not properly account for plaintiff's difficulties in concentration, persistence, or pace. The ALJ, at step three, found that plaintiff had moderate difficulties with regard to concentration, persistence, or pace. (R. at 27). The ALJ discussed that Dr. Adler noted that plaintiff was generally alert and oriented with goal directed thought processing and generally intact memory, but also noted impaired attention or concentration upon every visit. (R. at 27, 801–27). The ALJ concluded that plaintiff was "limited to simple, routine, repetitive work, in an environment with few, if any workplace changes. She can occasionally interact with coworkers and supervisors, and she can have incidental contact with the public, but no direct customer service." (R. at 28). The latter portion of this RFC finding imposes a restriction that corresponds with the ALJ's finding of moderate difficulties in social functioning. (R. at 27). There is, however, no restriction for the finding of moderate difficulties in concentration, persistence, or pace. Id. The ALJ noted plaintiff's difficulties in this area in her opinion, explicitly acknowledged evidence that plaintiff has difficulties maintaining concentration, persistence, or pace, and posed hypotheticals to the Vocational Expert accounting for being off task and needing breaks throughout the day, but failed to include any restrictions related to that limitation in the ALJ's RFC assessment. See Martin v. Comm'r, Soc. Sec. Admin., No. SAG-15-335, 2015 WL 7295593 (D. Md. Nov. 18, 2015) (remanding case after ALJ discussed evidence pertaining to claimant's difficulties in concentration, persistence, or pace but then offered no restriction corresponding to the limitation or justified the lack of restriction given).

Although the defendant argues there is evidence in the record to support the ALJ's conclusion that plaintiff is capable of performing simple, unskilled work, "the issue in this case is not whether the record contains evidence that might support the ALJ's conclusions; it is whether the ALJ explained the apparent discrepancy between her step three finding and her RFC assessment." Talmo v. Comm'r, Soc. Sec. Admin., No. ELH-14-2214, 2015 WL 2395108, at *3

(D. Md. May 19, 2015). Without providing further analysis of plaintiff's mental limitations, highlighting medical evidence refuting the severity of the limitation, or otherwise discussing why a restriction pertaining to concentration, persistence, or pace is not needed in the case, this court cannot perform an adequate review. As the Fourth Circuit mandates under Mascio, "once an ALJ had made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." Id. Because that did not occur in this case, I must remand the case to the Commissioner for further analysis consistent with Mascio.

### III.  Conclusion

For the reasons stated above, Plaintiff's Motion (ECF No. 16) and Defendant's Motion (ECF No. 17) are DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further consideration in accordance with this opinion.

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.

Very truly yours,

/s/

Beth P. Gesner
Chief United States Magistrate Judge